UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAE BARBEE, ET AL., | ) |
|   Plaintiffs, | ) |
| v. | ) Case No: 3:19-cv-00119 |
| NAVIHEALTH, INC., | ) |
|   Defendant. | ) |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND AWARD OF FEES AND EXPENSES

For the reasons set forth in the Joint Motion for Final Approval and and the Plaintiffs' Unopposed Motion for an Award of Attorney Fees and Reimbursement of Litigation Expenses, the Court finds, based upon the record, as follows:

1. There is a *bona fide* legal dispute between the parties on whether the Settlement Class Members are owed any wages, overtime compensation, or statutory damages;

2. The Settlement Agreement ("Agreement") (Doc. No. 92-1)[1] is approved, including all information contained in the Notice Packet, as fair, reasonable, adequate, and binding on all Rule 23 Class Members who did not opt out, Named Plaintiffs, Current Opt-In Plaintiffs, and all FLSA Opt-In Plaintiffs;

3. The Net Settlement Amount shall be paid into the Qualified Settlement Fund

---

[1] Unless otherwise noted, all defined terms have those meanings ascribed to them in the Agreement.

("QSF") as described in Paragraph 11.4 of the Agreement (Doc. No. 92-1, ¶ 11.4);

4. The QSF shall be administered as described in Paragraphs 11–15 of the Agreement;

5. After consideration of the Plaintiffs' motion for an award of fees and reimbursement of litigation expenses (Doc. No. 96) including the factors set forth in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974), including: (1) the value of the benefit conferred upon the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional standing and skill of all counsel, Class Counsel's motion for an award of attorneys' fees in the amount of **$1,563,332.00,** which is equal to one-third (33.33%) of the Maximum Settlement Amount is **GRANTED;**

6. After consideration of the Joint Motions to File Consent Forms of FLSA Opt-In Plaintiffs under Seal (Doc. No. 98 and 100), the Motions are **GRANTED**;

7. Class Counsel's litigation expenses in the amount of **$15,751.13** from the Gross Settlement Fund is reasonable;

8. The Settlement Administrator's fee in an amount not to exceed **$35,000.00**, as set forth in the Settlement Agreement (Doc. No. 92-1, ¶12.3) is reasonable;

9. Service payments to the four Named Plaintiffs in the total amount of **$31,000.00** shall be paid from the Gross Settlement Amount in accordance with the Settlement Agreement (Doc. No. 92-1, ¶ 12.5);

10. This action and the Released Claims of the Rule 23 Class Members who did not opt out, Named Plaintiffs, Current Opt-In Plaintiffs, and all FLSA Opt-In Plaintiffs are dismissed with prejudice in accordance with the Settlement Agreement; and

11. The Court will retain jurisdiction over the interpretation and implementation of the Agreement, as well as any matters arising out of or related to the interpretation or implementation of the Agreement.

This is a final order. The Clerk shall close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

**CERTIFICATION OF SERVICE**

The undersigned attorney certifies that a copy of the foregoing has been filed via the Court's ECF filing system on September 14 2020, and transmitted to the following counsel of record:

>Robert W. Horton
>Mary Leigh Pirtle
>Bass, Berry & Sims (Nashville Office)
>150 Third Avenue South
>Suite 2800
>Nashville, TN 37201
>(615) 742-6232
>Fax: (615) 742-2806
>Email: rhorton@bassberry.com
>Email: mpirtle@bassberry.com

>/s/ Molly A. Elkin
>Molly A. Elkin
>McGILLIVARY STEELE ELKN LLP
>1101 Vermont Ave., N.W.
>Suite 1000
>Washington, DC 20005
>Phone: (202) 833-8855
>mae@mselaborlaw.com

29000359.3